## Mills v. Mills.

(Decided Nov. 1, 1938.)

J. B. JOHNSON and R. C. BROWNING for appellant.

L. O. SILER and H. H. OWENS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The circuit court granted the appellee, Elzie Mills, a divorce from his wife, the appellant, Lucille Mills, upon the ground of lewd and lascivious conduct. Her counterclaim for divorce upon several grounds was dismissed. The custody of two children is involved on the appeal. One is a boy who, at the time the judgment was rendered early in 1937, as we understand, was about 9 years old, and a girl about 5. The judgment is:

> "As to the custody of the children of the parties hereto, the evidence discloses that they are in the care of their grandmother, mother of the plaintiff, where he makes his home, and it is adjudged that the custody so remain until further orders of the court. The defendant is granted the right at reasonable times and places to see said children, but is not to in any manner disturb the said custody."

The publication of the evidence might do harm and would be of little, if any, benefit to any one. We have considered it with care and reached the conclusion that it fully justified the decision of the chancellor. This court, as do all others, realizes the welfare of young children is ordinarily better preserved by awarding their custody to their mother. Certainly, that is so where there is something near equality of character and condition of the parents. As to the first factor, the record discloses the appellant in a bad light, while it casts no shadow upon the appellee. As to the second, the father lives in the home of his parents and two grown sisters. There is room there for the children, and the only reflection cast upon any member of the family is that the grandfather of the children once in a while becomes intoxicated. The mother is not so well located nor is she or her family so situated as to be able to give anything like the same care to the children. Unquestionably, they are better off in the home of their father. The circuit court has retained the case in hand so that changed conditions may bring about a change in the custody, but the record before us is not such that we will interfere with the judgment.

Wherefore it is affirmed.